**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MASON FRONIUS,** | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | **Civil No. 26-712** |
| **MICHAEL A. AUBERLE, FAYETTE** | ) | |
| **COUNTY PROSECUTOR,** | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum Opinion and Order**

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis*

and attaching a Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983. Plaintiff

sues Michael A. Auberle, Fayette County Prosecutor. The motion to proceed *in forma pauperis*

will be granted and the Clerk will be directed to file the Complaint. Upon review of Plaintiff's

Complaint, the Court will, sua sponte, dismiss the Complaint in accordance with 28 U.S.C. §

1915(e).

## I.    Motion to Proceed in Forma Pauperis

The Court must determine whether a litigant is indigent within the meaning of 28 U.S.C.

§ 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the

Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave

to proceed *in forma pauperis*.

## II.    Discussion

Federal courts are required to review complaints filed by persons who are proceeding *in*

*forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A review of the Complaint

demonstrates that Plaintiff has failed to state any claim upon which relief can be granted.

Plaintiff sues Fayette County Prosecutor Michael A. Auberle, alleging that he violated his rights under 42 U.S.C. § 1983, and maliciously prosecuted him. Compl. ECF No. 1-1, at 3, § II.A & B. Plaintiff states that the Fayette County Prosecutor charged him with a crime, and "in doing so ignored the [S]tate[']s stand your ground laws and castle doctrine." *Id.* at 4, § II.D (sic). He further alleges that the district attorney continued with the prosecution "even after the prosecutor was aware of statements made by the other party[,] that they came to my residence with the intent to fight me, which I can prove." *Id.* Plaintiff identifies the residence address where the alleged assault occurred, states that the events at issue took place between August 2022 and May 2024, and he identifies the names of the two other involved parties. *Id.* at 4-5, § IV.A, C, and D.

Plaintiff also reports that he had filed another lawsuit dealing with the same underlying facts involved in the present lawsuit. *Id.* at 9, § VIII.A. In that first action, Plaintiff sued the Pennsylvania State Police in the Western District of Pennsylvania at Civil No. 24-771.[1] He reports that said case was dismissed. A review of the docket at Civil No. 24-771 reveals that the case was dismissed, because the Pennsylvania State Police had 11th Amendment immunity and because the Pennsylvania State Police are not "people" within the meaning of 28 U.S.C. § 1983. *Fronius v. Pennsylvania State Police,* Criminal No. 24-771, ECF Nos. 3 & 4 (W.D. Pa. May 28, 2024).

The Complaint at Civil No. 24-771 demonstrates that the present case, Civil No. 26-712, is in fact a civil action predicated upon the same underlying facts as were asserted in Civil No. 24-771. *See* Compl., ECF No. 5, Cr. No. 24-771. The Civil No. 24-771 Complaint also refers to

---

[1] In evaluating the Complaint, the Court may consider the documents filed in Mr. Fronius's federal court actions , because such documents are a matter of public record and because they are documents "integral to" Plaintiff's complaint. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018), *In re Asbestos Prods. Liab.Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016); *see also Freeman v. Green*, 2020 WL 673297, at *1 n.4 (E.D. Pa. Feb. 11, 2020) ("Because the criminal docket is a matter of public record, the Court may take judicial notice of the docket sheet in the underlying case").

an assault, occurring at the same residence, and Mr. Fronius also invoked the stand your ground law and the castle doctrine. He also explained that he had been criminally charged for fighting back against attackers. In the Civil No. 24-771 case, however, Mr. Fronius stated a date certain of April 17, 2022, for when the incident occurred.

Plaintiff also filed a second civil lawsuit in federal court, Civil No. 24-1054, based upon the same underlying facts as are alleged in the present case. In this second action, Plaintiff sued the individual Pennsylvania State Troopers involved in the incident. *Fronius v. Trooper Stemich*, Criminal No. 24-1054 (W.D. Pa. 2024). In the second action, Plaintiff again alleged the identical information that he had pleaded in his first action at Civil No. 771. In the second action, Plaintiff also filed court documentation to show that the charges filed against him were nolle prossed on April 2, 2024, by Order of the Court of Common Pleas of Fayette County at Criminal No. 1230 of 2022. ECF No. 7, at 10, Civ. No. 24-1054. Plaintiff's second Complaint, Civil No. 24-1054, was ultimately dismissed, because Plaintiff was unable to allege facts sufficient to support a reasonable inference that, in arresting Plaintiff, the defendants acted without probable cause, a necessary element of a false arrest, false imprisonment, or malicious prosecution claim. ECF No. 8, Civ. No. 24-1054.

Reviewing the present Complaint in light of Plaintiff's two prior cases, filed at Civil No. 24-771 and Civil No. 24-1054, compels the conclusion that the present Complaint must be dismissed for failure to state a claim upon which relief can be granted. The present Complaint concerns the exact same incident, the same location, the same participants, the same criminal charges, and the same ultimate disposition of a nolle pross of said charges. The present Complaint is therefore subject to dismissal for three reasons.

First, Plaintiff's present Complaint is barred by the applicable statute of limitations. A section 1983 action, arising in Pennsylvania, is subject to a two-year statute of limitations period pursuant to 42 Pa. Cons. Stat. § 5524. *Lake v. Arnold*, 232 F.3d 360, 368 (3rd Cir. 2000); *Kost v. Kozakiewicz*, 1 F.3d 176, 189–90 (3d Cir.1993). The limitations period for a § 1983 action begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). A "malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor." *Randall v. City of Philadelphia L. Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)). The criminal charges ended by a nolle prosse Order of the Court of Common Pleas, on April 2, 2024. Thus, any claim accrual date was April 2, 2024. Plaintiff's present Complaint and Motion for in forma pauperis status were filed by the docket clerk on April 28, 2026, which is more than two years since the April 2, 2024 date of the Fayette County nolle pross Order.[2] Therefore, the statute of limitations for Plaintiff's § 1983 civil rights action against Defendant has expired.

Second, Plaintiff cannot show a favorable termination of the criminal charges filed against him. The favorable termination element is only satisfied if the criminal case was "disposed of in a way that indicates the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). A decision by the government to file a motion for nolle prosse to

---

[2] A pro se pleading mailed to the clerk of courts, is typically filed on the docket as of the date of the postmarked envelope. Plaintiff's envelope did not have a postmark date, however, pursuant to the "mailbox rule," which, in part, provides that a  properly directed letter placed in the mail delivery system, "it is presumed that it reached its destination at the regular time, and was received by the person to whom it was addressed." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 136 (3d Cir. 2019). Thus, Plaintiff's pleadings, presumed to have reached the Clerk of Court "t the regular time," on April 28, 2026, was mailed from the Fayette County Prison, no earlier than April 23, 2026. This is because a letter mailed from Fayette County to Pittsburgh is presumed to take no more than 3 to 5 days. Thus, the Complaint is still filed beyond the limitations period. Finally, the Court recognizes that Plaintiff prepared and signed his pleadings on or about February 13, 2026, however, it is the date the filings are mailed to, or received by, the Clerk of Court that determines the date of filing.

abandon criminal charges, "signifies termination of charges in favor of the accused only when their final disposition is such as to indicate the innocence of the accused." *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002). A "§ 1983 malicious prosecution plaintiff 'must be innocent of the crime charged in the underlying prosecution.'" *Id.* at 383 (quoting *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir.2000)). In seeking to nolle prosse the charges against Mr. Fronius, the prosecutor explained that the prosecution "will not proceed with the above listed charge against Mason Timothy Fronius *due to the victim does not wish to proceed*." ECF No. 7, at 10 (emphasis added), Civ. No. 24-1054. Such a "dismissal can hardly be described as indicating the innocence of the accused." *Id.* at 384. Without the cooperation of the victim, the prosecutor determined not to proceed with the charges against Mr. Fronius. That circumstance does not indicate that Mr. Fronius is innocent of the charges against him. *Id.* at 384 ("Far from indicating [plaintiff's] innocence, the nol pros merely reflected an informed and reasoned exercise of prosecutorial discretion as to how best to use [] limited resources. It does not suggest that [plaintiff] was innocent of the remaining criminal charges"); *see also Meleika v. City of Jersey City*, No. CV 17-1959 (KM-JBC), 2018 WL 4522046, at *7 (D.N.J. Sept. 21, 2018) (finding prosecutor's grounds for nolle prosse dismissal did not establish plaintiff's innocence of the charges and was not a favorable termination). Because the charges against Plaintiff were not disposed of in a way that indicates his innocence, the nolle prosse is not a favorable termination. *Donahue*, 280 F.3d at 383; *Meleika*, 2018 WL 4522046, at *7. Therefore, Mr. Fronius cannot succeed on the merits of his malicious prosecution claim for this additional reason.

Finally, Plaintiff's malicious prosecution claim must be dismissed, because, as already ruled in Civil No. 24-1054, he is unable to show that his arrest was made without probable cause. ECF No. 8, at 4-7, Civ. No. 24-1054. Mr. Fronius's assertions that he had a right to stand his

5

ground during the assault is "necessarily [an] admi[ssion] [of] involvement in a violent altercation." *Gorman v. Bail*, 947 F. Supp. 2d 509, 523 (E.D. Pa. 2013). Further, stand your ground and/or the castle doctrine is a defense that "inherently must be decided at a criminal trial, not by a police officer or a judge at a hearing to issue an arrest warrant." *Id.*

Accordingly, based upon the foregoing reasons, Plaintiff cannot state a claim upon which relief can be granted, and his Complaint will be dismissed.

### III.   Conclusion

Plaintiff's Complaint does not state a claim upon which relief can be granted. Leave to amend will not be permitted, as such would be futile. Amendment would be futile because Plaintiff will be unable to overcome that the Complaint is barred by the statute of limitations, and because the charges against Plaintiff did not have a favorable termination to indicate the innocence of the Plaintiff and, because the arresting officers possessed probable cause to arrest. Accordingly, the Complaint will be dismissed.

The following Order is hereby entered.

### ORDER

And now, this 26th day of May 2026, it is hereby ORDERED that Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 1, is GRANTED.

The Clerk is directed to file the Complaint, ECF No. 1-1, as the Complaint of record in this action.

Upon review of Plaintiff's Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff cannot support any claim against the Defendant.

6

All claims are dismissed for failure to state a claim upon which relief can be granted.

Leave to amend the Complaint is not permitted.

IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed.


_s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge


Mason Fronius
2025-2076
FAYETTE COUNTY PRISON
254 McClellandtown Road
Uniontown, PA 15401